UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRAVEEN KHURANA,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH CENTRAL DISTRICT HEALTH DEFENDANTS' DEPARTMENT, CAROL MOEHRLE JOHN DOE MOEHRLE, husband and wife, PAUL GUENTHER, husband and wife, and VITO PALAZZOLO and JANE DOE PALAZZOLO, husband and wife, and ANDY HELKEY and JANE DOE HELKEY, husband and wife, and RENE BARTON and JOHN DOE BARTON, husband and wife<br><br>    Defendants. | Case No. 3:10-cv-00579-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**MEMORANDUM DECISION AND ORDER - 1**

## INTRODUCTION

Before the Court is Plaintiff's Motion to Alter or Amend the Court's Memorandum Decision and Order and Judgment entered May 16, 2012 (Dkt. 81). For the reasons set forth below, the Court will deny the motion.

## ANALYSIS

Plaintiff Praveen Khurana runs a restaurant in Lewiston named The Emperor of India/King Thai, which he opened in July 2007. In 2008, the North Central District Health Department suspended Khurana's food license three times for repeated Food Code violations. Khurana sued the Health District and several of its employees, asserting various federal and state claims. On May 16, 2012, the Court entered a Memorandum Decision and Order granting Defendants' motion for summary judgment on all Khurana's claims. Khurana now asks the Court to reconsider that decision.

Reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence;

(3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Here, the arguments Khurana presents do not fit in any of these four categories. He has not presented any newly discovered evidence. There has been no intervening change in controlling law. And Khurana has failed to convince the Court that it committed clear error or made an initial decision that was manifestly unjust. For these reasons, the Court will deny the motion.

## ORDER

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Court's Memorandum Decision and Order and Judgment entered May 16, 2012 (Dkt. 81) is DENIED.

DATED: June 28, 2012

B. Lynn Winmill
Chief Judge
United States District Court